IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALEX D. MOGLIA, in his capacity as Court-appointed Receiver,<br><br>Plaintiff,<br><br>v.<br><br>ALLISON R. BEESLEY, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO CONSOLIDATE**<br><br>Case No. 2:25-cv-00384-JNP-JCB<br><br>Chief District Judge Jill N. Parrish |

On February 23, 2026, Plaintiff Alex Moglia, in his capacity as court-appointed Receiver, and East West Bank moved to have this action consolidated with *East West Bank v. Allison R. Beesley*, Case No. 2:25-cv-00812. *See* ECF No. 24. Defendant Beesley opposes the consolidation. For the following reasons, the court grants the motion.

**BACKGROUND**

On May 14, 2025, the Receiver filed his complaint against Defendant Beesley relating to certain funds transferred to Beesley by Mark Israelsen—for purposes of this order, the *Beesley I* case. ECF No. 1. Israelsen, through a complex scheme of fraud and misrepresentation, obtained millions in funding from East West Bank and others. *Id.* ¶¶ 1, 19, 22–38. According to the Receiver, Israelsen used these funds for his personal use. *Id.* ¶ 4. Many of these transfers were allegedly made to Beesley, who was a romantic partner of Israelsen. *Id.* ¶ 42–44. The Receiver consequently asserts voidable transfer and unjust enrichment claims against Beesley. *Id.* ¶¶ 63–74.

On September 16, 2025, East West Bank filed a separate complaint against Beesley—the

*Beesley II* case. Case No. 2:25-cv-00812, ECF No. 2. The complaint is based on mostly the same facts as alleged in *Beesley I*. East West Bank asserts more claims than the Receiver, however. In addition to voidable transfer and unjust enrichment claims, East West Bank also asserts theft and conversion claims. *See id.* ¶¶ 71–86. These latter claims appear to arise in large part from Beesley's continued refusal to return the funds she allegedly received from Israelsen after the filing of *Beesley I*. *See id.* ¶¶ 55–58.

On February 23, 2026, both the Receiver and East West Bank moved to consolidate the two cases. ECF No. 24. Beesley opposes the consolidation motion. ECF No. 25.

## LEGAL STANDARD

Rule 42(a) of the Federal Rule of Civil Procedure authorizes the consolidation of cases "involving a common question of law or fact." The court's determination of whether to consolidate cases is discretionary. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). Under local rule DUCivR 42-1, a "party may file a motion . . . to consolidate two or more cases before a single judge if the party believes that such cases or matters: arise from substantially the same transaction or event; involve substantially the same parties or property; involve the same patent, trademark, or copyright; call for determination of substantially the same questions of law; or for any other reason that would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges." DUCivR 42-1.

Whether consolidation under Rule 42(a) is appropriate is within the discretion of the district court. *See Shump*, 574 F.2d at 1344. The party seeking consolidation bears the burden of establishing it is appropriate. *Phillip M. Adams & Assocs., LLC v. Dell Inc.*, No. 1:05-cv-64 TS, 2008 WL 203316, at *2 (D. Utah Jan. 23, 2008) (citing *Shump*, 574 F.2d at 1344).

## ANALYSIS

As a preliminary matter, the Receiver argues that Beesley's response to the motion should be stricken for being untimely filed. The Receiver filed his motion to consolidate on February 23, 2026. ECF No. 24. Beesley's response was due March 9, 2026, but it was only filed on March 16. ECF No. 25. Beesley did not file and has still not filed any motion for extension of time.[1] Fed. R. Civ. P. 6(b)(1)(B) (stating a court may for good cause extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect").

Defendant Beesley's pro se status does not excuse her failure to follow the rules of civil procedure. *See Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005) (noting "it is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)," even for pro se parties). The court could therefore grant the Receiver's motion on this ground alone.

However, the court need not determine if the untimely opposition should be stricken because, even considering the arguments in Beesley's opposition, the court would still grant the Receiver's motion to consolidate. The Receiver argues that consolidation is appropriate because both cases arise out of the same transfer of funds, deal with the same Defendant, and implicate many of the same facts—requiring essentially the same discovery and interpretation of the same

---

[1] Beesley's surreply, which was filed without leave of the court, briefly attempts to argue that the court should excuse the procedural violation based on the standard set out in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (listing "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith"). This surreply does not stand in for a still-missing motion for extension of time. *See* DUCivR 7-1(a)(3) (stating that a party may not make a motion in a response or reply).

statutory framework. The Receiver asserts that the only additional facts relevant to *Beesley II* relate to "Beesley's subsequent undisputed knowledge that she was in fact in receipt of stolen property and her continued refusal to return the stolen funds to the Bank." ECF No. 24 at 2.

Beesley argues consolidation is inappropriate because the two cases involve materially different legal claims, remedies, and discovery obligations. For example, she asserts that the additional claims pursued by EWB introduce issues of knowledge and intent that are not required elements for the Receiver's Utah Voidable Transactions Act ("UVTA") claims. ECF No. 25 at 2. She therefore argues that consolidation would risk confusion of distinct legal theories, "allowing the Bank's punitive allegations to influence the Court's consideration of the Receiver's equitable claims." *Id.* She also argues that consolidation would expand the Receivership beyond its intended purpose by merging a case seeking equitable recovery with a case seeking punitive recovery as well.

The court finds consolidation appropriate. First, the two cases involve common questions of law and fact. Indeed, the two cases have substantially identical facts. *Beesley II* simply incorporates a few additional facts arising out of Beesley's actions after the filing of *Beesley I*. The questions of law are also largely similar. The Receiver acknowledges that *Beesley II* raises two additional claims (theft and conversion) but asserts that the inclusion of those two additional claims into *Beesley I* would not cause any prejudice. The court agrees. As the Receiver argues, *Beesley II* already includes both the UVTA claims *and* the theft and conversion claims. Beesley thus faces no new prejudice from the consolidation. More importantly, the court is not concerned with its ability to differentiate the two sets of claims. Consolidation would also avoid the potential for inconsistent rulings arising from largely identical subject matter.

Second, consolidation would promote judicial economy. Discovery between the two cases

would overlap to a large extent,[2] and there is a significant likelihood that motion practice would often be duplicative between the two cases.

Third, considering the benefits to judicial economy, the court finds that all parties will likely benefit from a unified proceeding, including Defendant Beesley, who is proceeding pro se. Admittedly, as Beesley points out, the court has before it this consolidation motion only because the Receiver and EWB decided to pursue largely duplicative cases in spite of the existence of the Receivership. But the fact that the parties seeking consolidation are the same parties who brought the separate actions in the first place does not erase the present benefits to judicial economy from proceeding in a unified action moving forward.

Finally, the court finds that the purpose of the Receivership will not be unduly expanded by the consolidation. The Receivership will still be seeking to recover funds from those defrauded by Mark Israelsen. Any additional damages awarded based on EWB's additional claims will not change the Receiver's objective.[3]

## CONCLUSION AND ORDER

For the reasons above, the court GRANTS the Receiver's motion to consolidate. ECF No. 24.

---

[2] Beesley is correct that the UVTA claims do not strictly require findings of knowledge and intent. But a claim under § 25-6-202 of the UVTA could at times necessitate a finding of "actual intent," undercutting Beesleys' argument that the theft and conversion claims would substantially expand the scope of discovery. Utah Code Ann. § 25-6-202(1)(a).

[3] It is also worth noting that the Receiver and EWB have agreed that any recovery EWB recovers via settlement, judgment, or otherwise will first go to the Receiver and that any transfers to the Bank must be approved by the court. ECF No. 24 at 5 n.1; ECF No. 26 at 5. This additional layer of judicial review will further ensure the Receivership does not expand beyond its scope.

Signed August 18, 2026.

BY THE COURT

Jill N. Parrish
United States Chief District Judge